UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CIVIL NO. 09-03422 (MJD/AJB)

DARREN DON SHANNON,

PETITIONER,

REPORT AND RECOMMENDATION

V.

JOAN FABIAN, COMMISSIONER OF CORRECTIONS,

RESPONDENT.

## I. INTRODUCTION

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1]. Petitioner Darren Don Shannon is a prisoner confined at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, as the result of a conviction and sentencing in Hennepin County District Court. Petitioner was convicted by a jury on a charge of murder in the third degree for which he was sentenced to a prison term of 198 months. The action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b).

The prisoner alleges in his petition that Respondent violated his due process rights under the Fifth and Fourteenth Amendments by failing to hold a disciplinary hearing within seven working days of the date he was initially charged with disciplinary violations. Respondent opposes this § 2254 action, asserting that Petitioner failed to establish sufficient grounds for relief as to the merits of his claims, and that Petitioner is not entitled to an evidentiary hearing.

For the reasons stated below, it is recommended that the petition [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND FACTS AND CLAIMS

On August 11, 1996, while evading City of Minneapolis police officers, Petitioner Shannon drove at an excessive speed into oncoming traffic, causing a fatal collision. (App. to Answer at 26.) On September 16, 1998, the Hennepin County District Court found Petitioner guilty of murder in the third degree and sentenced him to a prison term of 198 months. (App. at 25.) Petitioner was immediately committed to the Minnesota Correctional Facility at Oak Park Heights. (App. at 29.) Since that time, Petitioner has committed numerous disciplinary violations. (App. at 30–33.) Accounting for loss of good time for these disciplinary violations pursuant to Minn. Stat. § 244.05, subdiv. 1(b), Petitioner's supervised release date is May 12, 2010 and his 198-month sentence expires on February 6, 2013. (App. at 29.). The present action concerns disciplinary violations that resulted in the imposition of 700 days of segregation and 230 days of extended incarceration [Docket No. 1].

The facts of the present case are set out in the Order Opinion from the Minnesota Court of Appeals. *See State of Minnesota, ex rel. Darren D. Shannon v. Joan Fabian*, *Commissioner of Corrections*, No. A08-1920 (Minn. Ct. App., July 2009).[1] On April 12, 2008, corrections officers found Petitioner to be in possession of contraband and charged him with a disciplinary violation. *Id.* at 1. On April 17, 2008, Petitioner waived his right to a disciplinary hearing, admitted to the contraband violation, and was sentenced to sixty days of segregation. *Id.* On April 21, 2008, while serving this sentence in segregation, Petitioner was charged with fifteen disciplinary violations stemming from an incident that occurred on April 14, 2008, in which

---

[1] The Order Opinion from the Minnesota Court of Appeals is included in the Appendix to the Respondent's Answer to Petition for Writ of Habeas Corpus at pages 152 to 157.

Petitioner assaulted corrections and police officers while receiving medical treatment. *Id.* On May 20, 2008, the disciplinary charges were amended to include attempted homicide, and Petitioner received notice of the amendment on the same day. *Id.* The disciplinary hearing regarding these violations was held on May 27, 2008, and the hearing officer found Petitioner guilty of fifteen charges—including attempted homicide—and sentenced Petitioner to 700 days in segregation and 230 days of extended incarceration. *Id.* at 1–2. The warden denied Petitioner's appeal of the disciplinary decision. *Id.* at 2.

Petitioner filed a petition for a writ of habeas corpus pursuant to Minn. Stat. § 589.01 in Washington County District Court on July 8, 2008. Petitioner alleged that Respondent violated his constitutional right to procedural due process by failing to conform with Minnesota Department of Correction Policy 303.010 ("DOC Policy 303.010"), which states in relevant part: "An offender not on pre-hearing detention status will be served with a Notice of Violation within five working days of the decision to charge. The hearing will be scheduled within seven working days of the decision to charge." Petitioner asserts that DOC Policy 303.010 was violated because Respondent did not hold Petitioner's disciplinary hearing within seven working days of the April 21, 2008 decision to charge him with disciplinary violations. (App. at 1–10.) The district court denied the petition for a writ of habeas corpus in an order dated October 7, 2008. (App. at 69.) Petitioner appealed to the Minnesota Court of Appeals. In an Opinion Order dated July 2009, the court of appeals affirmed the district court's order, holding that the Petitioner did not have a liberty interest in a disciplinary hearing held within seven days of the decision to charge and stating in dicta that Petitioner's due process rights were not violated. *See Shannon*, No. A08-1920, at 6.[2] The Minnesota Supreme Court denied Petitioner's request for

---

[2] It could be argued that Petitioner has not exhausted his state remedies because the argument presented to this Court is substantively different from the case presented to the state appellate

review on September 16, 2009. (App. at 158.) Petitioner filed an inmate petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this Court on December 2, 2009. This petition alleges that Petitioner's prison disciplinary hearing was held in violation of his rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because, contrary to DOC Policy 303.010, the hearing was held more than seven working days after Petitioner was initially charged with disciplinary violations.[3] Petitioner requested an evidentiary hearing on this question. For the reasons set forth below, this Court finds that the facts of this case do not require an evidentiary hearing and that Petitioner was afforded the due process protections required by federal law.

---

court. *See* 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). In the petition presented in the state courts under Minn. Stat. § 589.01, Petitioner argued that he had a liberty interest in the disciplinary hearing itself. (App. at 85.) In the present petition, Petitioner cites *Carrillo v. Fabian*, 701 N.W.2d 763 (2005) for the proposition that he has a state-created liberty interest in his supervised release date, that this liberty interest entitles him to constitutionally-afforded due process in any proceeding that deprives him of this liberty interest, and that Respondent's failure to hold the disciplinary hearing within seven working days of the decision to charge is a violation of due process. Because we construe pro se petitions liberally, *see Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985), and because Respondent "acknowledges that Petitioner has exhausted state remedies with respect to his due process allegation" (Answer at 2)—presumably because the court of appeals addressed the present argument in dicta—this Court will proceed as if the Petitioner fully exhausted these claims in the state courts. In the alternative, this Court notes that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

[3] Petitioner states that his petition is based on two grounds, but this Court finds the two arguments indistinguishable. In his first argument, Petitioner states: "The Minnesota Dept. of Corrections is violating the 5th & 14th Amendment of the US Constitution." (Pet. at 9, Dec. 2, 2009.) Petitioner's second argument is that "[t]he Minnesota Dept. of Corrections is holding the petitioner illegally, violating the 14th & 5th Amendment [sic] of the US Constitution." (Pet. at 10, Dec. 2, 2009.) For the purposes of this Report and Recommendation, this Court will address these arguments simultaneously.

## III. ANALYSIS

### A. *Standard of Review*

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court shall not grant habeas relief unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* at § 2254(d). A state court's decision is contrary to clearly established federal law when "it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S. Ct. 1495, 1522 (2000)). "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005) (quoting *Williams*, 529 U.S. at 411, 120 S. Ct. at 1522). When reviewing a state court decision, "a federal court . . . presumes that the state court's factual determinations are correct." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000); *see also* 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. *Discussion*

Although a prisoner's rights "may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he

is imprisoned for a crime. There is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell*, 418 U.S. 539, 555–56, 94 S. Ct. 2963, 2974 (1974). The United States Constitution protects an individual's rights against deprivation of life, liberty, or property without due process of law. U.S. Const. Amend. V, XIV. When deciding whether an individual was afforded procedural due process, a court employs a two-step analysis. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989). First, the court must determine whether the individual holds a protected liberty or property interest. *Id.* If the court finds a protected interest, the question becomes whether the state provided sufficient due process prior to depriving that individual of the protected interest. *Id.*

1. **Petitioner has a protected liberty interest in his supervised release date and must be afforded procedural due process at any disciplinary hearing that could result in the extension of his sentence.**

To claim the protections of the due process clauses, a prisoner must first enumerate a recognized liberty interest. *See Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008). "[S]tate law may create a 'liberty interest' protected by the Fourteenth Amendment." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993); *see also Wolff*, 418 U.S. at 557, 94 S. Ct., at 2975 (holding that Nebraska state statutes created a liberty interest in prisoners' good time credit). A prisoner has a liberty interest in freedom from restraints that "impose[ ] atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995). Furthermore, in *Sandin*, the United States Supreme Court suggested that the Due Process Clause may be implicated in circumstances in which "the State's action will inevitably affect the duration of [the prisoner's] sentence." *See id.* at 487, 115 S. Ct. at 2302.

A prison sentence in the state of Minnesota "consists of two parts: (1) a specified minimum term of imprisonment that is equal to two-thirds of the executed sentence; and (2) a

specified maximum supervised release term that is equal to one-third of the executed sentence." Minn. Stat. § 244.101, subdiv. 1. The Minnesota Supreme Court, following the analysis set out in *Sandin* and *Wolff*, held that Minn. Stat. § 244.101, subdiv. 1, created a liberty interest in a prisoner's supervised release date that is protected by the United States Constitution. *Carrillo v. Fabian*, 701 N.W.2d 763, 773 (Minn. 2005). Therefore, before the DOC can extend an inmate's sentence pursuant to a disciplinary violation, the inmate must be afforded procedural due process as guaranteed by the Fifth and Fourteenth Amendments. *See id.*

In the present case, Petitioner has a constitutionally-protected liberty interest in his supervised release date. Hence, Petitioner was entitled to procedural due process at any disciplinary hearing that could extend his incarceration past this date. If Petitioner was afforded all due process protections required by the United States Constitution, the 230-day extension of Petitioner's sentence was a proper exercise of the DOC's discretionary power to discipline inmates.

2. **Petitioner does not have a protected liberty interest in the procedures set out in DOC Policy 303.010.**

Although Petitioner is correct in his assertion that *Carrillo* found that Minnesota prisoners have a protected liberty interest in their supervised release dates, this Court affirms the decision from the court of appeals that Petitioner does *not* have a liberty interest in the disciplinary procedures described in DOC policies. *See Shannon*, No. A08-1920 at 6. An inmate's liberty interests are limited to the *nature of confinement* and do not extend to procedural rules imposed by the state. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996); *see also Swenson v. Trickey*, 995 F.2d 132, 134 (8th Cir. 1993) (holding that "[p]rocedural guidelines, such as a mandatory hearing, are not enough to create a liberty interest"). "[T]here is no federal constitutional liberty interest in having state officer follow state law or prison officials

follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy*, 100 F.3d at 643). Therefore, although Petitioner was entitled to procedural due process at his disciplinary hearing, this constitutional right attached to his liberty interest in his supervised release date rather than a liberty interest in DOC Policy 303.010.

> **3. Petitioner was afforded constitutional due process at his disciplinary hearing.**

After finding that a prisoner has a constitutionally-protected liberty interest, the court must determine whether the inmate was afforded procedural due process prior to the deprivation of liberty. *Thompson*, 490 U.S. at 460, 109 S. Ct. at 1908. Although prisoners are entitled to constitutional protections, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556, 94 S. Ct. at 2975. To satisfy the requirements of due process, prison disciplinary hearings must provide inmates with the following: (1) written notice of the alleged disciplinary violation at least twenty-four hours before the hearing, (2) the right to call witnesses and offer evidence to the extent that the presentation of the defense does not threaten institutional safety, and (3) a written statement from the hearing officer containing the underlying reasons for the decision. *Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir. 1993) (citing *Wolff*, 418 U.S. at 563–67, 94 S. Ct. at 2978–80).

In the present case, Petitioner does not contend that he was deprived of any of these enumerated rights. Petitioner's sole argument is that the DOC's failure to hold Petitioner's disciplinary hearing within the timeframe set forth in DOC Policy 303.010 violated his due process rights under the Constitution. Despite Petitioner's repeated assertions to the contrary, DOC policies are not constitutional mandates, and DOC Policy 303.010 is not synonymous with the constitutional safeguards of procedural due process. "[T]he Due Process Clause does not federalize state-law procedural requirements." *Kennedy*, 100 F.3d at 643; *see also Hughes v. Lee*

8

*County District Court, Fort Madison, Iowa*, 9 F.3d 1366, 1367 (8th Cir. 1993) (dismissing a petition for a writ of habeas corpus when inmate argued that the state violated its own procedural guidelines for disciplinary hearings but conformed to the measures set out in *Wolff* and its progeny). As the Eighth Circuit explained:

> If a state law gives me the right to a certain outcome in the event of the occurrence of certain facts, I have a right, by virtue of the Fourteenth Amendment, to whatever process is due in connection with the determination of whether those facts exist. This is not at all the same thing as saying that the federal Constitution guarantees me all rights created or conferred upon me by state law. Such a doctrine would turn every state-law violation into a substantive-due-process claim, a result that would obliterate completely the distinction between state law and the federal Constitution.

*Bagley*, 5 F.3d at 328. Therefore, to meet his prima facie burden for a writ of habeas corpus, Petitioner must show that the delay between the decision to charge him with a disciplinary violation and his disciplinary hearing violated the *constitutional* standards for procedural due process.

There is no requirement under the Constitution or federal law that an inmate must receive a disciplinary hearing within a specified period of time. The Eighth Circuit has held that procedural due process requires that *administrative* hearings must be held within a reasonable time after a prisoner is placed in administrative detention. *See Swenson*, 995 F.2d at 135 (citing *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S. Ct. 864, 871 (1983)). In the present case, Petitioner admitted to a prior disciplinary violation and was serving a sentence of sixty days of segregation for the duration of the forty-three days between the first set of charges and Petitioner's disciplinary hearing. Therefore, he was not prejudiced by the delayed hearing. Furthermore, disciplinary segregation is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300, and thus is not the type of deprivation that creates a protected liberty interest. *See Phillips*, 320 F.3d at 847 ("We have

consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

For the foregoing reasons, Petitioner was not deprived of his right to procedural due process when his disciplinary hearing was not held within seven working days of the decision to charge Petitioner with a disciplinary violation. Therefore, Petitioner has failed to show that the state courts' denial of his petition for habeas relief was contrary to established federal law.

**4. Petitioner has not presented a claim that requires an evidentiary hearing.**

An evidentiary hearing is required only in the instance that the petition "allege[s] a harm resulting from the deprivation of some basic *federal* constitutional right." *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) (denying an evidentiary hearing for a habeas petition alleging a violation of procedural due process in a disciplinary hearing). In the present case, Petitioner failed to present any evidence that the decision of the state court was inconsistent with federal law, and thus, he has not alleged a constitutional harm. Furthermore, the parties are in agreement as to the facts relevant to this Court's analysis of the petition for habeas relief. Therefore, an evidentiary hearing is not necessary in the present case.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Darren Don Shannon's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

Dated:   March 8, 2010

                                                     s/Arthur J. Boylan
                                                    Arthur J. Boylan
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before March 23, 2010. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.